**JO ANN COAL COMPANY, INC., Appellant,**

v.

**Buster SMITH and the Workmen's Compensation Board, Appellees.**

Court of Appeals of Kentucky.

March 23, 1973.

Robert L. Milby, Hamm, Taylor, Milby & Farmer, London, for appellant.

Neville Smith, Manchester, for Buster Smith.

J. Keller Whitaker, Director, Workmen's Compensation Bd., Frankfort, for Workmen's Compensation Bd.

STEINFELD, Justice.

This appeal is from a circuit court judgment affirming an order of the Workmen's Compensation Board reopening a claim and allowing benefits for permanent total disability. We affirm.

Appellee Buster Smith was 39 years of age and had been employed as a coal miner throughout his working life. He can neither read nor write. On January 25, 1967, while he was working in appellant's coal mine, a rock fell on his right leg, knee, ankle and foot. A few days later surgery was performed to repair the fracture of a bone in the right ankle; a pin was inserted to hold the fragments of the tibia together. A physician testified that about three weeks later he gave Smith a "block shot in the back to dry that foot up where water was dripping off."

On February 15, 1967, his employer presented to him an "Agreement As To Compensation" for "fracture bone in right foot", which Smith executed by placing his mark thereon. It provided that Smith would receive $44 per week for a period not to exceed ten weeks. That agreement was approved by the board on February 20, 1967, and was complied with, but Smith was paid no additional compensation. He continued seeking medical relief from his

injury and was treated by Dr. Thomas Yocum until April 28, 1967, when the doctor released him, but Smith did not return to work.

On June 6, 1967, Smith filed an "Application for Adjustment of Claim" to secure benefits for permanent total disability. He alleged that "A dispute has arisen concerning the amount of compensation due" him and that he had sustained "Fractures of right leg and ankle with injuries to right leg, ankle and foot." No action was taken until December 28, 1967, when Smith filed a "Motion and Application for Review Pursuant to KRS 342.125", in which he sought to reopen the proceedings and to be permitted to introduce evidence showing physical disability and inability to work as a proximate result of the injury he sustained on January 25, 1967. That motion was sustained on February 5, 1968, after which the board heard testimony and concluded that Smith was permanently and totally disabled and entitled to benefits on that basis. He claimed back impairment resulting from the leg injury.

Appellants argue that "Where (the employee) has entered into agreement as to compensation for a leg injury, he may not reopen and recover total disability for a back injury, especially in the absence of evidence of causation." The board considered testimony of several physicians including that of Dr. Robert L. Keisler, whom it had appointed pursuant to KRS 342.315 to examine Smith. Dr. Keisler estimated that Smith was permanently disabled 5% to the body as a whole for average activities and occupations, but for heavy work his disability was 20%. Dr. Thomas Yocum saw no association between the backache and the ankle injury, but when questioned about the back complaints he admitted that Smith's injury could have produced aggravation to a pre-existing dormant non-disabling condition of the back which could have aroused that condition into disabling reality.

Dr. Harold Bushey testified that Smith continued to have pain and that the pain was prominent at the time of the examination, July 25, 1967, and that it travelled up the leg into the hip and into the right side of Smith's back, and that it was so severe that it kept him from sleeping and was constantly present. He explained that on June 28, 1968, when he reexamined Smith, the diagnosis he had made on his first examination was unchanged except that then there was "secondary spasm to the muscles of the back". He also expressed the opinion that the back problems were secondary to the accident, but that Smith was unable to do any work as a direct result of the leg injury. He stated that physiotherapy treatment was desirable, without which the leg and ankle injury would remain permanently disabling. He said that Smith would be unable to " * * * return to work of the type he performed (working in the mines) at the time of the injury", and that even with the best results which could be expected from physiotherapy the doctor doubted " * * * that he would ever be able to do heavy work or particular mine work again * * *." He also said that " * * * he will remain permanently disabled as he is now."

■ Appellant has cited no case, and we know of none, holding that where a claimant has entered into an agreement for compensation predicated on an injury to a specific member of the body he may not reopen and recover compensation for disability caused by secondary involvement of another part of the body resulting from the same accident. It is our opinion that claimant is not so restricted. See KRS 342.125(2). Reopening the claim was authorized. KRS 342.125(1).

■ There was sufficient evidence before the board to authorize, but not to require it, to conclude the causation of the permanent disability was the January 25, 1967, injury and that Smith could no longer perform the only type of work for which he was qualified—heavy labor. He was entitled to an award for permanent and total disability. Cf. South 41 Lumber

Company v. Gibson, Ky., 438 S.W.2d 343 (1969); Department of Economic Security v. Adams, Ky., 450 S.W.2d 819 (1970).

The judgment is affirmed.

PALMORE, C. J., and MILLIKEN, OSBORNE, REED, STEINFELD and STEPHENSON, JJ., sitting.

All concur.